IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **CASEY REID JASPER** | § | |
| | § | |
| vs. | § | CASE NO. 6:15cv792 |
| | § | |
| **COMMISSIONER, SOCIAL** | § | |
| **SECURITY ADMINISTRATION** | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER
ON MOTION FOR ATTORNEY'S FEES
PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT**

On August 22, 2015, Plaintiff initiated this lawsuit by filing a complaint seeking judicial review of the Commissioner's decision denying an application for Social Security benefits. The matter was referred for findings of fact, conclusions of law and recommendations for the disposition of the matter pursuant to 28 U.S.C. § 636(b)(1).

**Background**

The Court entered an Order on March 29, 2017 reversing the Commissioner and remanding the matter to the Commissioner for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Plaintiff then filed a Motion for Award of Attorney Fees and Expenses (ECF 29) on June 27, 2017. Plaintiff seeks an award of $4,727.42 in attorney's fees and expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412 ("EAJA"). The Commissioner filed a response on June 30, 2017 stating that Plaintiff's requested fees and expenses constitute a reasonable award of EAJA fees for the services rendered in this case. The Commissioner requests that the award be made payable to Plaintiff and sent to Plaintiff's counsel.

1

## Discussion

The "dual purpose" of the EAJA is "to ensure adequate representation for those who need it and to minimize the cost of this representation to taxpayers." *Baker v. Bowen*, 839 F.2d 1075 (5th Cir. 1988), *reh'g denied*, 848 F.2d 66 (5th Cir. 1988). Eligibility for a fee award under the EAJA requires, at a minimum, that the claimant be a "prevailing party," that the Commissioner's position was not "substantially justified," that no "special circumstances make an award unjust," and that any fee application be submitted to the court within 30 days of final judgment and be supported by an itemized statement. *Commissioner INS v. Jean*, 496 U.S. 154, 110 S.Ct. 2316, 2319, 110 L.Ed.2d 134 (1990); 28 U.S.C. § 2412(d)(1). A "final judgment" is a judgment that is final and not appealable. 28 U.S.C. § 2412(d)(2)(G). With regard to the amount of fees, 28 U.S.C. § 2412(d)(2)(A) states:

> (A) "fees and other expenses" includes the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case, and reasonable attorney fees (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of services furnished, except that (i) no expert witness shall be compensated at a rate in excess of the highest rate of compensation for expert witnesses paid by the United States; and (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.).

A remand accomplished pursuant to the fourth sentence of 42 U.S.C. § 405(g) renders the claimant a prevailing party regardless of whether the claimant is successful in obtaining benefits on remand. *Shalala v. Schaefer*, 509 U.S. 292, 300-01, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993). The Commissioner has the burden of proving that his position was "substantially justified" in this matter and he has not done so here. *Herron v. Bowen*, 788 F.2d 1127, 1130 (5th Cir. 1986) (per curiam); *see also Davidson v. Veneman*, 317 F.3d 503, 506 (5th Cir. 2003). In addition, the Commissioner has not alleged or shown special circumstances that would render an award unjust.

The hourly attorney rate sought by Plaintiff exceeds $125.00 per hour, requiring a finding that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Plaintiff asserts that an increase in the hourly rate is justified in this case due to increases in the cost of living as reflected by the Consumer Price Index. The Commissioner did not file an opposition to Plaintiff's requested monthly rates ranging from $189.68 per hour to $194.20 per hour. The Court finds the requested rates to be reasonable.

## Conclusion

In the interest of ensuring adequate representation for those who need it and to minimize the cost of that representation to taxpayers, the Court concludes that Plaintiff's Motion for Award of Attorney Fees and Expenses should be granted. Plaintiff should be awarded the requested $4,727.42 in attorney and paralegal fees.

Plaintiff did not request any amount for expenses. Attorney's fees under the EAJA are properly payable to the party-litigant, not directly to the attorney. *See Astrue v. Ratliff*, 530 U.S. 586, 130 S.Ct. 2521, 2524, 177 L.Ed.2d 91 (2010). After due consideration, it is hereby

**ORDERED** that the Motion for Award of Attorney Fees and Expenses (ECF 29) is **GRANTED**. The Commissioner shall pay Plaintiff for fees incurred totaling **$4,727.42** pursuant to the EAJA, 28 U.S.C. § 2412(d).

So ORDERED and SIGNED this 30th day of June, 2017.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE